UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL STORM, | ) | CASE NO. 4:07 CV 1671 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| SHARTLE, WARDEN OF FCI ELKTON, | ) | AND ORDER |
| | ) | |
| Defendants. | ) | |

Before the Court is the Amended Complaint of pro se plaintiff, Daniel Storm. This Bivens[1] action was initiated on June 6, 2007 against FCI-Elkton Warden "Shartle." In the complaint, which the plaintiff characterized as "a right to die litigation," he stated that he was on a hunger strike and wanted to "die with dignity." (Compl at 3.) Mr. Storm stated that because he'd lost thirty-two pounds since the start of the hunger strike, medical personnel at FCI-Elkton decided to initiate forced feedings pursuant to Bureau of Prisons ("BOP") policy. Mr. Storm claimed he had a constitutional right to refuse life saving treatment and die.

On June 11, 2006, Mr. Storm filed a supplement to his complaint, claiming that corrections officers turned off the water to his cell. He sought injunctive relief.

Thereafter, on July 25, 2007, Mr. Storm filed yet another supplement to his complaint, which added parties and causes of action, several of which seem to negate allegations contained in his previous filings. In view of the disjointed manner in which plaintiff set forth his claims, he was ordered to file an Amended Complaint, setting forth any and all claims he seeks to bring against any and all parties he seeks to name as defendants in this action. Mr. Storm complied with that order, submitting his Amended Complaint on August 30, 2007 against FCI-Elkton

---

[1] Bivens v. Six Unknown Agents, 403 U.S. 383 (1971).

Warden Shartle, FCI-Elkton Chief of Security J. Fitzgerald, FCI-Elkton Special Housing Unit Supervisor Robert Harris, and FCI-Elkton Investigator Brian Butts. In the Amended Complaint, Mr. Storm contends that the defendants unilaterally declared him to be on a hunger strike and denied him food and water. He seeks unspecified monetary damages.

## Background

Mr. Storm alleges that he requires a low fat, low cholesterol diet. He further alleges that FCI-Elkton does not provide a menu adequate to meet his medical needs. He indicates that he was given a prolonged stay in the segregation unit which further impinged on the quality and quantity of the food he was served. He claims that on one occasion, he was served two pieces of bread for breakfast, and two pieces of bread with a spoonful of egg whites for lunch. He indicates that in order to get an adequate amount of food, he began to make purchases from the prison commissary.

For reasons Mr. Storm does not explain, Captain Fitzgerald allegedly declared Mr. Storm to be on a hunger strike. Thereafter, she ordered all commissary food items to be removed from his cell. He states that on May 27, 2007, Brian Butts terminated the delivery of hot meals to Mr. Storm and instead directed that a brown bag containing sandwiches be placed in his cell. His commissary items were returned to him on May 28, 2007. Two days later, the prison's physician directed that intravenous nutrition and hydration be given to Mr. Storm. He alleges that he was served a light meal on June 1, 2007.

Mr. Storm was released from segregation on June 4, 2007. He claims he immediately requested that he be placed in protective custody because he feared Captain Fitzgerald and Lieutenant Butts. He states that Captain Fitzgerald ordered a corrections officer to initiate disciplinary proceedings against Mr. Storm for refusing an order. Although he did not leave the

segregation unit, he states he was moved from one cell to another on the orders of Captain Fitzgerald. He alleges that his new cell did not have running water for drinking, hygiene or sanitation. He contends he was unable to flush his toilet until authorized by either Captain Fitzgerald or Lieutenant Harris twenty-four hours later. Mr. Storm further alleges that his food trays were required to be delivered by a lieutenant in order to monitor the quantity of food he ingested. Mr. Storm contends that this violates BOP policy.

The Amended Complaint asserts five claims. First, Mr. Storm contends that the actions of the defendants "were retaliatory in nature, offending established BOP policy . . ." (Compl. at 6.) He claims that the defendants acted with "deliberate indifference to BOP Policy" and caused the wanton infliction of pain and suffering upon him. (Compl. at 6.) He further contends that the denial of water for hydration, hygiene and sanitation amounted to cruel and unusual punishment. He also claims that the defendants "as executive and administrative staff, charged with oversight of training and the day-to-day operations at FCI-Elkton, did fail to adequately train and/or supervise subordinates to prevent offensive treatment of Plaintiff . . ." (Compl. at 7.) Finally, he asserts that the defendants conspired together to cause him great emotional distress in violation of 42 U.S.C. § 1985.

## Analysis

Although pro se pleadings are liberally construed, Boag v. MacDougall, 454 U.S. 364, 365 (1982) (per curiam); Haines v. Kerner, 404 U.S. 519, 520 (1972), the district court is required to dismiss an in forma pauperis action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] Neitzke v.

---

[2] An in forma pauperis claim may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons

Williams, 490 U.S. 319 (1989); Lawler v. Marshall, 898 F.2d 1196 (6th Cir. 1990); Sistrunk v. City of Strongsville, 99 F.3d 194, 197 (6th Cir. 1996).

## I. Retaliation

Mr. Storm first contends that Defendants' actions are retaliatory in nature. To state a prima facie case for retaliation, the plaintiff must establish that he engaged in protected conduct; that an adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct; and that a causal connection exists between the first two elements. Thaddeus-X v. Blatter, 175 F.3d 378, 394 (6th Cir. 1999). Mr. Storm asserts only that an adverse action has been taken against him, and he fails to allege that he engaged in any constitutionally protected conduct or that any such conduct prompted the adverse action allegedly taken against him. His retaliation claim is asserted only as a legal conclusion. Legal conclusions alone are not sufficient to present a valid claim, and this court is not required to accept unwarranted factual inferences. Morgan v. Church's Fried Chicken, 829 F.2d 10, 12 (6th Cir. 1987); see also, Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971) (conclusory § 1983 claim dismissed). This claim is dismissed as against all Defendants.

## II. Eighth Amendment

Mr. Storm's second and third counts are best understood as separately raising the objective and subjective elements of an Eighth Amendment claim. He claims first that he was denied water, both for sanitation and for drinking[3], and was forced to refrain from flushing the toilet in his cell, which meant that he was "forced to smell feces and urine until Robert Harris or

---

set forth in the statute. McGore v. Wrigglesworth, 114 F.3d 601, 608-09 (6th Cir. 1997); Spruytte v. Walters, 753 F.2d 498, 500 (6th Cir. 1985), cert. denied, 474 U.S. 1054 (1986); Harris v. Johnson, 784 F.2d 222, 224 (6th Cir. 1986); Brooks v. Seiter, 779 F.2d 1177, 1179 (6th Cir. 1985).

[3] With regard to drinking water, Mr. Storm alleges that he "could not obtain drinking water at will as other prisoners in [the Special Housing Unit] are permitted." (Comp. 6-7).

Fitzgerald authorized the flushing up to twenty-four hours later." (Compl. 6). Further, he complains in his statement of facts but not as part of his second or third cause of action that he was given cold meals and meals consisting only of bread or of bread and egg whites, that his meals were not consistent with a cholesterol-conscious diet, that food he purchased in the commissary was taken from him, and that his meals were given to him only by lieutenants. (Compl. at 6). In his third count, he argues that Defendants acted with deliberate indifference to BOP policy.

"The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones[.]" Farmer v. Brennan, 511 U.S. 825, 832 (1994) (quoting Rhodes v. Chapman, 452 U.S. 337, 349 (1981)). "'The Eighth Amendment forbids prison officials from unnecessarily and wantonly inflicting pain on a prisoner by acting with deliberate indifference[.]'" Talal v. White, 403 F.3d 423, 426 (6th Cir. 2005) (quoting Blackmore v. Kalamazoo County, 390 F.3d 890, 895 (6th Cir. 2004)) (internal citations omitted). Under the Eighth Amendment "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer at 832 (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

The United States Supreme Court has held that a plaintiff must satisfy both the objective and subjective elements of an Eighth Amendment claim in order for that claim to succeed. See Farmer, 511 U.S. 837. Under the objective element, a plaintiff must show that the deprivation of which he complains was, objectively speaking, "sufficiently serious," Farmer, 511 U.S. at 834 (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)), or, in other words, that prison officials deprived him of "'the minimal civilized measure of life's necessities.'" Farmer, 511 U.S. at 834 (quoting Rhodes, 452 U.S. at 347 (1981)). Seriousness under Farmer is judged in relation to the

"contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). Routine discomforts of prison life do not suffice to support such a claim. Id. at 9.

The subjective element of an Eighth Amendment claim requires that a prisoner "allege specific incidents of deliberate indifference by prison officials." Talal, 403 F.3d at 427. This requirement is based upon the principle that "'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" Farmer, 511 U.S. at 834 (quoting Wilson, 501 U.S. at 297). The Farmer Court has held that

> a prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

Farmer, 511 U.S. at 837.

Although Mr. Storm argues that Defendants showed deliberate indifference to BOP policy, the Court recognizes his claim as one brought under the Eighth Amendment alleging that Defendants denied him unfettered access to water, both for sanitation and drinking, and that these actions amounted to deliberate indifference, the mental state required for an Eighth Amendment claim. The Court finds that Defendant has failed to state a claim for relief under the Eighth Amendment. None of the issues raised by Defendant amount to "excessive risk[s] to inmate health or safety." As the Supreme Court stated in Farmer, "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" Farmer, 452 U.S. at 837. The conditions outlined by Defendant do not even amount to cruel and unusual conditions. Instead, they reflect the strictures placed upon an inmate in prison, and in no way satisfy the elements of an Eighth Amendment claim as set forth by the Farmer Court.

6

### III. Supervisory Liability

In his fourth claim, Mr. Storm alleges that Defendants "did fail to adequately train and/or supervise subordinates to prevent the offensive treatment of Plaintiff[.]" "Supervisory liability under § 1983 cannot attach where the allegation of liability is based upon a mere failure to act." Bass v. Robinson, 167 F.3d 1041, 1048 (6th Cir.1999) (citing Leach v. Shelby County Sheriff, 891 F.2d 1241, 1246 (1989)). Rather, the supervisors must have actively engaged in unconstitutional behavior. Id. Liability must lie upon more than a mere right to control employees and cannot rely on simple negligence. Id.

Mr. Storm named four officers in his complaint who, according to Mr. Storm, held the following ranks: Warden Shartle, Captain Fitzgerald, Lieutenant Harris, and Lieutenant Butts. While Mr. Storm has identified specific acts allegedly committed by the last three defendants, he has identified no acts committed by Warden Shartle, and has not even claimed that Warden Shartle was present when the alleged unconstitutional acts were committed. Consequently, Mr. Storm has failed to state a claim of supervisory liability under § 1983 against Warden Shartle.

Captain Fitzgerald, Lieutenant Harris, and Lieutenant Butts could be subject to supervisory liability under § 1983 insofar as they may have exercised any supervisory authority over other employees at FCI Elkton. As Plaintiff has specifically alleged that he has dietary restrictions for health reasons, and has further alleged that Defendants Harris, Butts and Fitzgerald knowingly failed to accommodate those restrictions, those claims may proceed against Defendants Harris, Butts and Fitzgerald. However, his complaints regarding his use of the sanitation facilities in his cell do not state a claim under § 1983, and are therefore dismissed.

### IV. <u>42 U.S.C. § 1985</u>

Plaintiff's claim under 42 U.S.C. § 1985 must also be dismissed. To establish a violation of § 1985, Plaintiff must allege that the defendants conspired together for the purpose of depriving the plaintiff of the equal protection of the laws and committed an act in furtherance of the conspiracy which was motivated by racial or other class-based invidiously discriminatory animus. <u>Bass v. Robinson</u>, 167 F.3d 1041, 1050 (6th Cir. 1999). Plaintiff alleges no facts to suggest that any of the defendants conspired together to deprive him of his right to equal protection of the laws or that their actions were in any way motivated by Plaintiff's race.

### Conclusion

For the reasons state above, Mr. Storm's claims under the Eighth Amendment, as well as his § 1985 and retaliations claims are dismissed pursuant to 28 U.S.C. §1915(e). His claim under § 1983 against Warden Shartle is likewise dismissed and, as no viable claims remain against Warden Shartle, he is dismissed from this action. His § 1983 claim of supervisory liability against Defendants Butts, Harris and Fitzgerald related to his dietary accommodations at FCI Elkton may proceed. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4] The Clerk's Office is directed to forward the appropriate documents to the U.S. Marshal for service of process and shall include a copy of this order in the documents to be served upon Defendants Butts, Harris and Fitzgerald.

IT IS SO ORDERED.

DATED: Nov. 15, 2007      s/John R. Adams
                                            JOHN R. ADAMS
                                            UNITED STATES DISTRICT JUDGE

---

[4] 28 U.S.C. § 1915(a)(3) provides: An appeal may not be taken <u>in forma pauperis</u> if the trial court certifies that it is not taken in good faith.