UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL STORM, | ) | CASE NO. 4:07cv1671 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| vs. | ) | |
| | ) | |
| J.T. SHARTLE, et al., | ) | **MEMORANDUM OF OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | [Resolving Docs. 21, 22, 24] |
| | ) | |
| | ) | |

This matter comes before the Court on Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment. (Doc. 22.) Despite being given until April 24, 2008, to respond to Defendants' Motion, Plaintiff has not responded. Also pending are Plaintiff's Motion for Default Judgment (Doc. 21) and his Motion to Strike (Doc. 24). The Court has been advised, having reviewed Plaintiff's pleadings, Defendants' Motion and attached exhibits, Plaintiff's response and attached exhibits, and the applicable law. For the reasons stated herein, Defendants' Motion is GRANTED, and each of Plaintiff's Motions is DENIED.

Plaintiff originally raised claims of retaliation, violations of the Eighth Amendment, failure to adequately train or supervise, and violations under 42 U.S.C. § 1985. (Doc. 7.) These claims arose out of Plaintiff's purported attempt to exercise his "right to die" that resulted in his being declared against his will to be on a hunger strike, as well as his complaints that prison officials were not satisfying his dietary restrictions. The Court dismissed all of Plaintiff's claims against the warden. It also dismissed all but one of the claims against Defendants Butts, Harris and Fitzgerald. The claim that remains against these defendants as is Plaintiff's § 1983 claim of

supervisory liability related to his dietary accommodations at the prison.  (Doc. 9.)  The Court set forth the facts of this case in its earlier order.

Defendants sought relief in the alternative and raised, among other things, issues regarding Plaintiff's exhaustion of administrative remedies.  Under *Jones v. Bock*, 549 U.S. 199 (2007), an inmate is not required to plead the exhaustion of his administrative remedies.  Instead, a defendant must raise that issue as an affirmative defense.  Because Defendants in this matter did not file a responsive pleading in this case and instead filed the instant motion, the Court concluded, as reflected in its Order giving notice to the parties, that it could not consider the exhaustion issue as part of a motion to dismiss because it is not included among the grounds iterated in Rule 12 of the Federal Rules of Civil Procedure, and raises issues outside of the complaint.  Therefore, the Court notified the parties on May 6, 2008, that it intended to treat Defendants' motion as one for summary judgment.  (Doc. 28.)  Plaintiff then responded in opposition to the Motion for Summary Judgment, attaching forty pages of exhibits, including a declaration in which he recited the injuries he allegedly sustained while confined at FCI Elkton.

Under Fed. R. Civ. P. 56(c), a motion for summary judgment must be granted "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  The burden of showing the absence of any "genuine issues" belongs to the moving party. *Celotex v. Catrett*, 477 U.S. 317, 323 (1986) (citing Fed. R. Civ. P. 56(c)).  A fact is "material" only if its resolution will affect the outcome of the lawsuit. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986).  Determination of whether a factual issue is "genuine" requires consideration of the applicable evidentiary standards. *Id.* at 252.  A court must view the summary judgment motion "in the light most favorable to the party opposing the motion." *United States v. Diebold,*

*Inc.*, 369 U.S. 654, 655 (1962). *See also U.S. v. Hodges X-Ray, Inc.*, 759 F.2d 557, 562 (6th Cir.1985).

Summary judgment should be granted if the party who bears the burden of proof at trial does not establish an essential element of its case. *Tolton v. American Biodyne, Inc.*, 48 F.3d 937, 941 (6th Cir. 1995) (citing *Celotex*, 477 U.S. at 322). Accordingly, "[t]he mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Copeland v. Machulis*, 57 F.3d 476, 479 (6th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). In most civil cases involving summary judgment, a court must decide "whether reasonable jurors could find by a preponderance of the evidence that the [non-moving] party is entitled to a verdict." *Anderson*, 477 U.S. at 252.

Once the moving party has satisfied its burden of proof, the burden then shifts to the nonmoving party. The non-moving party may not simply rely on its pleadings, but must "produce evidence that results in a conflict of material fact to be resolved by a jury." Cox v. Kentucky Dep't of Transp., 53 F.3d 146, 150 (6th Cir. 1995). Fed. R. Civ. P. 56(e)(2) states:

> When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

*Id*. Though parties must produce evidence in support of and in opposition to a motion for summary judgment, not all types of evidence are permissible. The Sixth Circuit has held that "it is well settled that only admissible evidence may be considered by the trial court in ruling on a motion for summary judgment." *Wiley v. U.S.*, 20 F.3d 222, 226 (6th Cir. 1994) (quoting *Beyene v. Coleman Sec. Servs., Inc.*, 854 F.2d 1179, 1181 (9th Cir. 1988)). Fed. R. Civ. P. 56(e) sets forth more specific requirements:

> [It] requires that affidavits used for summary judgment purposes be made on the basis of personal knowledge, set forth admissible evidence, and show that the affiant is competent to testify. Rule 56(e) further requires the party to attach sworn or certified copies to all documents referred to in the affidavit. Furthermore, hearsay evidence cannot be considered on a motion for summary judgment.

Wiley, 20 F.3d at 225-26.

In their Motion for Summary Judgment, Defendants set forth four bases for their contention that Plaintiff could not succeed on the merits of his claim. First, Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, 42 U.S.C. 1997e(a) ("PLRA"). Second, Defendants cannot be held liable under a theory of supervisory liability because none of Defendants were responsible for Plaintiff's dietary restrictions or provisions. Third, Plaintiff has failed to set forth a violation of any of his constitutional rights. Fourth, because Plaintiff has failed to demonstrate the violation of a constitutional right, Defendants are entitled to qualified immunity.

The Court has reviewed the exhibits attached to both Plaintiff's and Defendants' motion. Plaintiff has submitted a declaration as well as a series of exhibits that are not authenticated and would not, as such, be admissible at trial. Each of Defendants' attachments includes a declaration with attached exhibits, and each is admissible under Fed. R. Civ. P. 56(e). Based upon those exhibits, and for the reasons stated in Defendants' Motion, the Court concludes that, even in viewing the facts in a light most favorable to Plaintiff, the evidence does not support the claims in the complaint. Plaintiff cannot make out a case on his claims such that any reasonable jury could find in his favor, and Defendants are entitled to judgment as a matter of law. It is clear from the evidence presented by Defendants that they did not have control over the dietary provisions for Plaintiff, and that even if they did, those provisions were designed to promote his physical health. His complaints about them are without basis. Furthermore, Plaintiff has in no

way made out any sort of constitutional violation, nor does the evidence support his claims that he has sought every remedy available to him within the prison. Therefore, Defendants' Motion for Summary Judgment is GRANTED.

Plaintiff moved for default judgment on February 29, 2008, three days before Defendants filed their Motion for Summary Judgment, arguing that, though Defendants were served in November, they had not yet responded. (Doc. 21). However, the Court had granted Defendants' Motion for an Extension of time until March 3, 2008, to file their answer or otherwise respond to Plaintiff's complaint. Therefore, Plaintiff's Motion for Default Judgment is DENIED. Likewise, Plaintiff's Motion to Strike Defendant's Motion on similar grounds is DENIED.

IT IS SO ORDERED.

DATED: May 20, 2008 */s/ John R. Adams*_____
Judge John R. Adams
UNITED STATES DISTRICT COURT